(Opinion published 56 N. W. Rep. 44.)

---

ROBERT BLACKWOOD *vs.* WILLIAM A. TANNER *et al.*

Submitted on briefs July 5, 1893. Affirmed July 31, 1893.

**Findings Supported by the Evidence.**

Evidence *held* sufficient to support a finding that a lease from month to month was made between the parties, and terminated at the expiration of a specified month.

Appeal by plaintiff, Robert Blackwood, from an order of the Municipal Court of the City of Minneapolis, $\tilde{C}$. B. *Elliot*, J., made March 3, 1893, denying his motion for a new trial.

On May 27, 1889, the defendants, William A. Tanner and his partners leased of plaintiff the saloon at No. 308 Nicollet Avenue in Minneapolis for three years from June 1st then next at $250 a month, rent payable in advance. In April, 1892, plaintiff's agent, H. E. Cary, agreed with defendants that they should, after their lease expired, occupy the premises as tenants from month to month, and pay the same rent. On August 22, 1892, defendants served notice that they would surrender possession of the premises on the last day of September then next, and did so. By permission of the agent, defendants left some things in the cellar for a few days after October 1st. This action was to recover $250 rent for the month of October, 1892. A jury was waived. Findings were made of these facts, and judgment ordered for defendants.

*Geo. R. Robinson,* for appellant.

Defendants left their property on the premises after October 1st. The testimony of the witness as to waiver by H. E. Cary of defendants' compliance in this respect with their notice of termination, was incompetent. The answer of defendants set up a surrender and vacation of the premises October 1st. The testimony showed a continued occupancy on October 1st and after. Testimony of a waiver, under the pleadings, was not competent. The landlord was entitled to full and complete possession October 1, 1892. If defendants could terminate by notice, it was their duty to give full and complete possession, and if it was not done, defendants held over and are liable for a month's rent.

By holding over after June 1, 1892, by consent, express or implied, defendants held by implication under the terms of their original lease, and became tenants from year to year. *Gardner* v. *Board Co. Com'rs,* 21 Minn. 33. This implication arises independent of the intention of the lessee, and is not overcome by a notice that he would hold under a different tenure. *Tolle* v. *Orth,* 75 Ind. 298; *Schuyler* v. *Smith,* 51 N. Y. 309; *Smith* v. *Bell,* 44 Minn. 524; *Flint* v. *Sweeney,* 49 Minn. 509.

*Penney, Jamison & Hayne,* for respondents.

There was practically no occupancy of the premises by defendants after October 1st. It is not disputed that the presumption

arose, that defendants became tenants for one year upon the terms of the old lease, having remained in possession of the premises after the termination of the written lease. However, this presumption is overcome by the positive evidence that the premises were held after the termination of the written lease, under a new contract of leasing, which was from month to month.

VANDERBURGH, J. The record establishes upon sufficient evidence that the defendants were occupying plaintiff's premises as tenants from month to month for the months of July, August, and September, 1892; that they occupied the same till the 1st day of October, 1892; and that more than thirty days before the 1st day of October they served upon the plaintiff written notice that they would vacate the premises on the latter date. The evidence was sufficient to show that Cary had authority to act for plaintiff, and that he did, on behalf of the latter, agree that the defendants should be tenants from month to month after the expiration of the prior lease. The finding of the court is not definite or clear on the subject of the expiration of the tenancy, and there is no finding upon the issue of the surrender of the premises, and none has been asked for; but we think that the court intended to find that October 1st was the extent and limit of the tenancy or occupancy of the defendants under the lease. The evidence shows that the defendants had vacated the premises on that day, but by the consent of the plaintiff's agent some articles of personal property were left there; and it is evident from the evidence that it was understood between them that their lease and occupancy thereunder as tenants were at an end at that date. The evidence tending to prove these facts was received without objection, so that no question of its admissibility under the pleadings can now be raised. To hold that the tenancy continued during the month of October would be giving effect to the merest technicality. The plaintiff had control of the premises during all that month, and was advertising them for rent by a placard posted in the window, and before the expiration of the month actually rented the same to other parties. The evidence objected to on the trial was properly received.

Order affirmed.

(Opinion published 56 N. W. Rep. 45.)